# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

TONI ANNETTE HAYNES,

             Petitioner,                      Case Number: 2:08-CV-15160

v.                                              HONORABLE DENISE PAGE HOOD

CLARICE STOVALL,

             Respondent.
_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY

Petitioner Toni Annette Haynes has filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging her convictions for first-degree home invasion and felonious assault. She is presently incarcerated at the Huron Valley Correctional Facility in Ypsilanti, Michigan. Petitioner argues that habeas relief should be granted because the victim's out-of-court statements and Petitioner's prior bad acts were improperly admitted. For the reasons set forth below, the Court denies the petition and denies a certificate of appealability.

## I.

Petitioner's convictions arise from a home invasion and shooting that occurred on May 28, 2006, in Detroit. Henry Ricardo Rumph testified that he was shot two times in the left leg on that date. He testified that he and his wife lived on the first floor of a two-family home on Burlingame Street. Petitioner, who is Rumph's niece, lived in the upstairs apartment with her boyfriend (and co-defendant) Keith Mitchell. Rumph testified that in May 2006, his house was broken into and his television stolen. He suspected that Petitioner and Mitchell had committed

the crime. During the afternoon of May 27, 2006, he and Mitchell became engaged in a confrontation on the front porch. Angry words were exchanged and Mitchell tore Rumph's shirt. Rumph's wife called the police. No one was arrested and Rumph soon left the home. He returned home at approximately midnight and he and his wife fell asleep on an air mattress in their living room. Sometime after that, his wife answered a knock on the door. When she opened the door, Petitioner, Keith Mitchell, Mario Mitchell, and a fourth, unidentified individual forced their way into the home. Mario Mitchell struck him in the face with a gun. Keith Mitchell and Petitioner began kicking him and Petitioner yelled for Keith to shoot Rumph. Rumph testified that he was then shot two times in the left leg.

Cherylina Rumph, Ricardo Rumph's wife, testified that there had been a significant amount of animosity between Petitioner and the Rumphs over the years. Shortly before the shooting, Petitioner spit in Ms. Rumph's direction. Ms. Rumph testified that, on the night of the shooting, she answered a knock at the front door and Petitioner and two other individuals forced their way into the home. She then went to a neighbor's house to call 911.

Police Officer Raymond Evans testified that he conducted a photographic line-up with Rumph and that he identified Petitioner as one of the perpetrators.

## II.

Following a bench trial in Wayne County Circuit Court, Petitioner was convicted of first-degree home invasion and felonious assault. On November 16, 2006, she was sentenced as a second habitual offender to 8 to 30 years' imprisonment for the home invasion conviction and 2 to 6 years' imprisonment for the felonious-assault conviction.

Petitioner filed a delayed application for leave to appeal in the Michigan Court of

Appeals, raising the following claims:

> I. Defendant was denied a fair trial when the prosecutor introduced out-of-court statements made by the complainant, as those statements did not fall within the exceptions for prior consistent statements under M.R.E. 801(D)(1)(B) or as excited utterances under M.R.E. 803(2).
>
> II. Defendant was denied a fair trial when the prosecutor repeatedly elicited testimony about defendant's criminal history, as well as her other alleged bad acts involving complainant.

The Michigan Court of Appeals denied leave to appeal. *People v. Haynes*, No. 280725 (Mich. Ct. App. Feb. 22, 2008).

Petitioner filed an application for leave to appeal in the Michigan Supreme Court, raising the same claims raised in the state court of appeals. The Michigan Supreme Court denied leave to appeal. *People v. Haynes*, 482 Mich. 894, 753 N.W.2d 191 (Mich. 2008).

Petitioner then filed the pending petition for a writ of habeas corpus. She raises the same claims raised in state court.

### III.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), when a state court has adjudicated the merits of the claims presented, habeas corpus relief may not be granted unless the state-court adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). "'Where . . . the state court did not assess the merits of a claim properly raised in a habeas petition,' however, 'the deference due under AEDPA does not apply.'" *Dorn v. Lafler*, 601 F.3d 439, 442 (6th Cir. 2010), *quoting Maples v. Stegall*, 340 F.3d 433, 436 (6th Cir. 2003). Where there was no state-court adjudication on the merits of a habeas claim, the court reviews the claim *de novo*. *Id.*, *citing*

3

*Maples*, 340 F.3d at 436-37.

In this case, the Michigan Court of Appeals denied leave to appeal "for lack of merit in the grounds presented." *People v. Haynes*, No. 280725 (Mich. Ct. App. Feb. 22, 2008). This stock phrase "may not be equivalent to a 'final decision' on the merits, *i.e.*, the disposition may simply signal that the court found the matters asserted unworthy of the expenditure of further judicial resources." *Halbert v. Michigan*, 545 U.S. 605, 618 (2005). The Sixth Circuit has held that, "[b]ecause [a] state court may have various reasons for denying an application for leave to appeal 'for lack of merit in the grounds presented,' and [a federal court] cannot discern from that language alone whether that decision was based on the merits of the case, we cannot conclude that it was an 'adjudication on the merits' pursuant to 28 U.S.C. § 2254(d)." *Dorn*, 601 F.3d at 443. Accordingly, when the state court issues a one-sentence order denying leave to appeal "for lack of merit in the grounds presented" with no further explanation, *de novo* review is appropriate. *Id.*

## IV.

### A.

In her first claim for habeas corpus relief, Petitioner argues that the prosecutor improperly introduced out-of-court statements made by the victim, Ricardo Henry Rumph, that did not fall within the exceptions for prior consistent statements under Michigan Rule of Evidence 801(d)(1)(B) or as excited utterances under Michigan Rule of Evidence 803(2).

It is well-established that "'federal habeas corpus review does not lie for errors of state law.'" *Estelle v. McGuire*, 502 U.S. 62, 67 (1991), (*quoting Louis v. Jeffers*, 497 U.S. 764, 780 (1990)). The Sixth Circuit has held that "[i]n a habeas corpus proceeding, it is not the province

4

of a federal appellate court to review the decision of the state's highest court on purely state law." *Long v. Smith*, 663 F.2d 22, 22-23 (6th Cir. 1981). Therefore, Petitioner's claim that the trial court violated Michigan Rules of Evidence 801(d)(1)(B) and 803(2) is not cognizable on federal habeas review.

To the extent that Petitioner also claims that admission of this evidence violated her rights under the Confrontation Clause, that claim is without merit. The Confrontation Clause of the Sixth Amendment provides: "In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. Const. amend. VI. "The Sixth Amendment's right of an accused to confront the witnesses against him is . . . a fundamental right and is made obligatory on the States by the Fourteenth Amendment." *Pointer v. Texas*, 380 U.S. 400, 403 (1965). The rights of confrontation and cross-examination "have ancient roots" which the "Court has been zealous to protect . . . from erosion." *Id.* at 404-05 (internal quotation omitted). The right to a trial by jury is predicated upon the belief "'that the 'evidence developed' against a defendant shall come from the witness stand in a public courtroom where there is full judicial protection of the defendant's right of confrontation, of cross examination, and of counsel.'" *Id.* at 405, (*quoting Turner v. State of Louisiana*, 379 U.S. 466, 472-73 (1965)).

In *Crawford v. Washington*, 541 U.S. 36, 68 (2004), the Supreme Court held that out-of-court statements that are testimonial in nature are barred by the Confrontation Clause unless the witness is unavailable and the defendant had a prior opportunity for cross-examination regardless of whether the trial court finds the statements to be reliable. However, "when declarant appears for cross-examination at trial, the Confrontation Clause places no constraints at all on the use of

his prior testimonial statements . . . The Clause does not bar admission of a statement so long as the declarant is present at trial to defend or explain it." *Crawford, supra* at 59, n.9. Because Rumph testified at trial, Petitioner's rights under the Confrontation Clause were not violated.

**B.**

Second, Petitioner argues that she was denied a fair trial when the prosecutor elicited testimony about her criminal history and her prior bad acts involving the victims.

The prosecutor questioned Detroit Police Department Sergeant Raymond Evans regarding his investigation of the shooting. Sergeant Evans testified that he had a conversation with Rumph regarding Petitioner. Following this conversation, Sergeant Evans began gathering information about Petitioner and Keith Mitchell, including criminal histories and gathering photos. The prosecutor asked no follow-up questions about the criminal histories and Sergeant Evans offered none. This brief reference to running a criminal history was not improper or unfairly prejudicial. The admission of this testimony did not deny Petitioner a fair trial.

Petitioner also argues that her right to a fair trial was violated because prejudicial testimony regarding her prior interactions with the victims was admitted at trial. Specifically, Petitioner objects to Rumph's testimony about the deterioration of his relationship with Petitioner and her boyfriend. Rumph testified that previously someone had broken into his home and stolen a television. He suspected Petitioner and her boyfriend were the perpetrators and, since that break-in, he had no relationship with Petitioner. Petitioner also objects to Cherylinda Rumph's testimony describing her and her husband's relationship with Petitioner and Mitchell. Ms. Rumph explained that the couples had experienced some conflicts over the years and specifically discussed events that occurred on the day of the shooting. She testified that there

was an incident in which Petitioner was spitting in her general direction earlier in the day. Additionally, police were called to the house because her husband and Mitchell were arguing and Mitchell was threatening Ricardo Rumph.

Petitioner must overcome a high threshold in order to demonstrate that admission of this testimony was unconstitutional. "When an evidentiary ruling is so egregious that it results in a denial of fundamental fairness, it may violate due process and thus warrant habeas relief." *Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir. 2003). In general, "state-court evidentiary rulings cannot rise to the level of due process violations unless they 'offend[ ] some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental.'" *Id.* (citing *Seymour v. Walker*, 224 F.3d 542, 552 (6th Cir. 2000)). There is no Supreme Court precedent establishing that a state violates due process by allowing the admission of other acts evidence. *Id.* "While the Supreme Court has addressed whether prior acts testimony is permissible under the Federal Rules of Evidence, it has not explicitly addressed the issue in constitutional terms." *Id.* at 513.

Petitioner is unable to show that the admission of other acts testimony was a ruling so egregious as to violate her fundamental rights. Additionally, Petitioner has not shown that the testimony regarding the relationship between Petitioner and the Rumphs was inadmissible or unfairly prejudicial. A context within which to understand the events as they unfolded on the day of the shooting was proper. Further, because the trial court's admission of other acts evidence is not contrary to or an unreasonable application of Supreme Court precedent, Petitioner's claim for habeas relief is denied.

V.

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings now requires that the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (citation omitted). In this case, the Court concludes that reasonable jurists would not debate the conclusion that the petition fails to state a claim upon which habeas corpus relief should be granted. Therefore, the Court will deny a certificate of appealability.

## VI.

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief on the claims contained in her petition.

Accordingly, **IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

|  |  |
|---|---|
|  | S/Denise Page Hood |
|  | Denise Page Hood |
| Dated: August 31, 2010 | United States District Judge |

I hereby certify that a copy of the foregoing document was served upon Toni Haynes, Reg. No. 626518, Huron Valley Correctional Facility, 3201 Bemis Rd., Ypsilanti, MI 48197 and counsel of record on August 31, 2010, by electronic and/or ordinary mail.

S/William F. Lewis
Case Manager